1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                        ----oo0oo----

12

13   EKLAND MARKETING COMPANY OF
     CALIFORNIA, INC.,
14                                     NO. CIV. S-05-0761 FCD/GGH
            Plaintiff,
15
        v.                             MEMORANDUM AND ORDER
16
     JAVIER ESTABAN LOPEZ; VIVEROS
17   EL PINAR, S. COOP, a
     cooperative organized under
18   the laws of Spain; and DOES 1-
     100,
19
            Defendants.
20                        ----oo0oo----

21

22        This matter comes before the court on Javier Estaban Lopez's

23   ("Lopez") and Viveros El Pinar's ("VEP") (collectively

24   "defendants") motion to dismiss for lack of personal jurisdiction

25   and on forum non conveniens grounds.  Ekland Marketing Company of

26   California ("Ekland" or "plaintiff") opposes the motion,

27   asserting that this court has specific jurisdiction over

28

1    defendants and that this is a proper forum for litigation.  For

2    the reasons set forth below,[1] defendants' motion is DENIED.

3                              **BACKGROUND**[2]

4         Plaintiff is in the business of implementing, licensing, and

5    marketing alternate sources of strawberry varieties into the

6    world market.  In 1993, plaintiff entered into a contract with

7    the Florida Strawberry Growers Association ("FSGA") to perform

8    specific services related to promoting new strawberry varieties

9    in the international market.  (Pl.'s First Am. Compl., filed Dec.

10   29, 2005 ["FAC"], ¶ 11.)  In 2000, plaintiff entered into a

11   similar contract with California Giant, Inc. ("CalGiant").  (Id.

12   ¶ 14.)  CalGiant maintains a proprietary strawberry breeding

13   program in Watsonville, California.  (Id.)

14        On or about February 1, 2001, in Butte County, California,

15   plaintiff and defendant VEP entered into two Propagation

16   Agreements.  (FAC ¶ 16.)  Plaintiff licensed the right to

17   propagate, distribute, and sell certain proprietary strawberry

18   varieties derived from FSGA and CalGiant plant breeding programs

19   to defendants.  (Id.)  In addition, defendant VEP agreed to

20   follow certain agricultural practices of the international

21   strawberry industry.  (Id. ¶ 17.)  These obligations included

22   accounting for all planting stock produced and sold and paying

23   _____

24        [1]    Because oral argument will not be of material
     assistance, the court orders this matter submitted on the briefs.
25   E.D. Cal. Local Rule 78-230(h).

26        [2]    For the purposes of this motion, the court recounts
     plaintiff's version of the facts.  In deciding whether plaintiff
27   has met its burden of establishing personal jurisdiction, the
     court accepts plaintiff's allegations as true.  Core-Vent Corp.
28   v. Nobel Industries AB, 11 F.3d 1482, 1485 (9th Cir. 1993)
     (citation omitted).

                                      2

1 royalties based on the number of plants sold to third-party
2 producers or utilized by defendants in their own fruit
3 production.  (Id.)

4     The first Propagation Agreement included a forum selection
5 clause under which defendants expressly consented to the
6 jurisdiction of the courts of California.  (First Propagation
7 Agreement, Ex. B to Decl. of Roy Ekland in Opp'n to Defs.' Mot.
8 to Dismiss, filed Aug. 29, 2006 ["Ekland Decl."].)  This
9 Propagation Agreement had an express duration of one year.  (Id.)
10 The second Propagation Agreement--entered into by the parties on
11 the same day--did not contain a forum selection clause or consent
12 from defendants to submit to jurisdiction in a California court.
13 (Second Propagation Agreement, Ex. C to Ekland Decl.)

14     During the summer of 2002, plaintiff negotiated an expansion
15 of its variety trial program with FSGA and CalGiant.  (FAC ¶ 23.)
16 Until that time, plaintiff only had licenses to strawberry
17 varieties receiving patent protection in the United States and
18 the European Union ("EU").  (Id.)  Plaintiff convinced CalGiant
19 to allow access to strawberry varieties that did not have EU
20 patent protection.  (Id.)  In return, plaintiff and defendants
21 planned to generate data that would permit an early evaluation of
22 these advanced selection cultivars.  (Id.)

23     On December 8, 2002, Ekland and defendant Lopez met in San
24 Francisco, California to negotiate the basic terms of the
25 advanced selection contracts concerning the CalGiant and
26 University of Florida varieties.  (Ekland Decl. ¶ 15.)  Ekland
27 asserts that Lopez agreed to extend the Propagation Agreements
28 until December 31, 2004.  (Id.; Ex. D to Ekland Decl.)

3

1   In March 2003, in Butte County, California, plaintiff and
2   defendants formalized their commitment to the advanced selection
3   program with two additional contracts, the Advanced Selection
4   Contracts.  (Ekland Decl. ¶ 16.)  The Advanced Selection
5   Contracts were backdated to January 1, 2003, and complemented the
6   Propagation Agreements, but were not replacements for the
7   Propagation Agreements.  (Id.)  Under the Advanced Selection
8   Contracts, defendants agreed to evaluate advanced selection
9   cultivars of strawberries selected by FSGA and CalGiant with the
10  objective of determining the competitive characteristics and
11  commercial viability of these cultivars in Spain.  (FAC ¶ 24.)

12  Defendants continued to perform under the Propagation
13  Agreements by accounting for and paying royalty fees to plaintiff
14  in California on strawberry varieties and cultivars produced
15  through 2003.  (Id. ¶ 29.)  The royalty payments for 2001 through
16  2003 totaled over $100,000 for approximately 4.3 million
17  cultivars.  (Ekland Decl. ¶ 18.)  All of these cultivars were
18  propagated from mother stock defendants obtained from California
19  nurseries.  (Id.)  Additional royalties of over $100,000 for
20  approximately 12 million cultivars were invoiced for 2004, but
21  have never been paid.  (Id.)

22  In addition to the unpaid royalties, plaintiff claims that
23  defendants failed to fulfill other obligations under the
24  Propagation Agreements and Advanced Selection Contracts.  Among
25  other things, plaintiff alleges that defendants failed to order
26  mother plants for the 2004 nursery season and failed to deliver
27  the required reports on the performance of either the advanced
28  selection or the commercial varieties that defendants placed with

4

1 fruit growers in October and November of 2003.  (<u>Id.</u> ¶ 35.)

2 Plaintiff contacted defendants to remind them of their

3 obligations to deliver these reports.  (<u>Id.</u> ¶ 38.)  The reports

4 establish plaintiff's competitive position in the marketplace.

5 (<u>Id.</u>  ¶ 40.)

6      Plaintiff filed this action in this court alleging eight

7 causes of action, including: breach of contract of the

8 Propagation Agreements and the Advanced Selection Contracts,

9 breach of fiduciary duty, negligence, declaratory relief,

10 intentional interference with contract, interference with

11 prospective economic advantage, and negligent interference with

12 prospective economic advantage.  Defendants have filed an action

13 for breach of contract in a Spanish court.  (Decl. of Javier

14 Esteban Lopez in Supp. of Defs.' Mot. to Dismiss, filed Apr. 24,

15 2006 ["Lopez Decl."], ¶¶ 17-20.)  The Spanish court found

16 jurisdiction over plaintiff and has issued a preliminary

17 injunction.  (<u>Id.</u>)  Defendants now move to dismiss the case for

18 lack of personal jurisdiction and on <u>forum non conveniens</u>

19 grounds.

20                          **ANALYSIS**

21 **A.   Personal Jurisdiction**

22      Under Rule 12(b)(2) of the Federal Rules of Civil Procedure,

23 a defendant may seek dismissal of an action for lack of personal

24 jurisdiction.  "Where, as here, there is no applicable federal

25 statute governing personal jurisdiction, the law of the state in

26 which the district court sits applies."  <u>Core-Vent,</u> 11 F.3d at

27 1484 (citation omitted).  "California's long-arm statute allows

28 courts to exercise personal jurisdiction over defendants to the

1  extent permitted by the Due Process Clause of the United States
2  Constitution." Id. at 1484 (citation omitted).  Thus, only
3  constitutional principles constrain the jurisdiction of a federal
4  court in California.  Sher v. Johnson, 911 F.2d 1357, 1361 (9th
5  Cir. 1990).

6      A court may exercise either general or specific jurisdiction
7  over a non-resident defendant.  "General jurisdiction exists when
8  a defendant is domiciled in the forum state or his activities
9  there are 'substantial' or 'continuous and systematic.'"
10  Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir.
11  1998) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall,
12  466 U.S. 408, 414-416 (1984)).

13      When general jurisdiction does not exist, the court may
14  determine whether it has specific jurisdiction over the
15  defendant.  Specific jurisdiction exists when the defendant has
16  sufficient "minimum contacts" with the forum and when "assertion
17  of personal jurisdiction would comport with fair play and
18  substantial justice."  Burger King v. Rudzewciz, 471 U.S. 462,
19  476 (1985) (internal quotation omitted).  The Ninth Circuit
20  articulates the requirements sufficient to satisfy due process as
21  follows:

22      (1)  the nonresident defendant must purposefully direct
             [its] activities or consummate some transaction
23           with the forum or resident thereof; or perform
             some act by which [it] purposefully avails
24           [itself] of the privilege of conducting activities
             in the forum, thereby invoking the benefits and
25           protections of its laws;
        (2)  the claim must be one which arises out of or
26           relates to the defendant's forum-related
             activities; and
27      (3)  the exercise of jurisdiction must comport with
             fair play and substantial justice, i.e. it must be
28           reasonable.

                                6

1  Core-Vent, 11 F.3d at 1485 (citation omitted).

2      Once a defendant challenges jurisdiction, the burden of
3  proof to show that jurisdiction is appropriate lies with the
4  plaintiff.  Sher, 911 F.2d at 1361.  When a defendant's motion to
5  dismiss is to be decided on the pleadings, affidavits, and
6  discovery materials, the plaintiff need only make a prima facie
7  showing that personal jurisdiction exists in order for the action
8  to proceed.  Id.  In deciding whether plaintiff has met this
9  burden, the court accepts plaintiff's allegations as true.  Id.

10     The purposeful availment prong of the minimum contacts
11  analysis may be satisfied when a defendant purposefully directs
12  its activities at the forum or its residents.  Core-Vent, 11 F.3d
13  at 1485 (citation omitted).  Here, defendants entered into
14  contracts with plaintiff--Propagation Agreements and Advanced
15  Selection Contracts--in California to purchase strawberry plants.
16  Under the Propagation Agreements, defendants paid royalties to
17  plaintiff on strawberry varieties and cultivars produced through
18  2003.  All of these cultivars were propagated from mother stock
19  defendants obtained from California nurseries through plaintiff.
20  Therefore, the court finds that defendants purposefully directed
21  activity toward this forum.

22     The Ninth Circuit relies "on a 'but for' test to determine
23  whether a particular claim arises out of forum-related activities
24  and thereby satisfies the second requirement for specific
25  jurisdiction."  Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir.
26  1995)(citation omitted).  Here, plaintiff's claims arise out of
27  the alleged breach of the Propagation Agreements and Advanced
28  Selection Contracts between plaintiff and defendants.  But for

defendants' agreement with plaintiff, a California corporation, plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence would not have arisen.  See Hirsch v. Blue Cross, Blue Shield of Kan. City, 800 F.2d 1474, 1480 (9th Cir. 1986)(holding that where a contract constitutes defendant's contacts with a forum, breach of that contract satisfies the "arising out of" requirement).  Thus, the causation element of the minimum contacts analysis is satisfied.

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  Burger King, 471 U.S. at 476 (citation omitted).  Defendant has the burden to show that it would not.  Sher, 911 F.2d at 1164.  Courts in the Ninth Circuit apply this requirement by weighing seven factors:

> (1)  the extent of the defendant['s] purposeful interjection into the forum state's affairs;
> (2)  the burden on the defendant of defending in the forum;
> (3)  the extent of conflict with the sovereignty of the defendant['s] state;
> (4)  the forum state's interest in adjudicating the dispute;[3]
> (5)  the most efficient [forum for] judicial resolution of the controversy;
> (6)  the importance of the forum to the plaintiff's interest in convenient and effective relief; and,
> (7)  the existence of an alternative forum.

Core-Vent, 11 F.3d at 1487-88 (citation omitted).

The court must weigh the extent of defendants' purposeful interjection into the affairs of the forum state, even if the

---

[3]   Defendants admit that California has an interest in adjudicating the present dispute.

1  purposeful availment prong is satisfied. Id. at 1488 (citation
2  omitted).  In the present case, defendants' interjection is
3  significant.  Since 2000, defendants have purchased over six
4  million California mother plants, and reported production of at
5  least 49.5 million cultivars from these California mother plants.
6  Defendants are required to pay royalties on these 49.5 million
7  cultivars to California companies, which in turn must pay
8  royalties to other California entities that own plant rights to
9  subject plant varieties.  Moreover, defendant Lopez sought out
10 plants from nearly every major nursery in California and
11 attempted to purchase mother plants from each of them.
12 Defendants continue to purchase mother plants from California
13 nurseries to this day.

14     In order for a defendant to demonstrate that defending a
15 suit in this forum is unreasonable, the defendant must show that
16 jurisdiction in California would make the litigation "so gravely
17 difficult and inconvenient that a party unfairly is at a severe
18 disadvantage in comparison to his opponent." Sher, 911 F.2d at
19 1365.  Defendants contend that this case concerns a dispute that
20 arose entirely in Spain. (Defs.' Mem. of P. & A. in Supp. of
21 Mot. to Dismiss, filed Apr. 10, 2006 ["Mot."], at 6:20-21.)
22 Further, defendants assert that the burden of bringing all of the
23 witnesses and the evidence located in Spain to the United States,
24 translate it, and present it in a California court is immense,
25 and thus unreasonable.  However, in a case where an out-of-state
26 defendant alleged similar hardships, the Ninth Circuit found that
27 jurisdiction in the forum was nonetheless reasonable. Sher, 911
28 F.2d at 1365. In Sher, defendant, a Florida law firm, asserted

1  that jurisdiction in California would be unreasonable because
2  defendant would be unable to run its law practice if it were
3  required to defend a suit in California.  <u>Id.</u> at 1364.  The
4  defendant in <u>Sher</u> also argued that all the evidence and most of
5  the witnesses were located in Florida.  <u>Id.</u>  The Ninth Circuit
6  found that "[i]n this era of fax machines and discount air
7  travel, requiring [defendant] to defend itself in California
8  under the circumstances as it alleges them would not be so
9  unreasonable as to violate due process."  <u>Id.</u> at 1365.
10 Defendants have not demonstrated that the burden of litigating
11 this claim in a California forum would be place them at an unfair
12 disadvantage.

13       Defendants also argue that the existence of its suit against
14 plaintiff in a Spanish court presents potential conflict with
15 Spanish sovereignty, "as the outcome of this action [as
16 adjudicated by this court] could conflict with the outcome of the
17 Spanish action, in which a preliminary injunction has already
18 been issue[d]."  (Mot. at 7:3-6.)  The government of Spain
19 clearly has an interest in resolving disputes that involve its
20 citizen.  However, although this factor is important, the Ninth
21 Circuit has stated that the potential affront to the sovereignty
22 of the defendants' state is not dispositive to the determination
23 of whether the exercise of jurisdiction is reasonable since it
24 "would always prevent suit against a foreign national in a United
25 States court."  <u>Gates Learjet Corp. v. Jensen</u>, 743 F.2d 1325,
26 1333 (9th Cir. 1984).

27       Defendants contend that Spain is the most efficient forum
28 for judicial resolution of this action because the present

1  dispute arose in Spain, where the strawberry plants under the

2  Advanced Selection contracts were planted and all the activity

3  that plaintiff alleges to constitute a breach of contract took

4  place.  Conversely, plaintiff argues that California is the most

5  efficient forum to resolve this matter due to the choice of law

6  provision in the Propagation Agreements.[4]  (Ex. B to Ekland Decl.

7  ¶ 15).  At the current stage of the litigation, California would

8  appear to be the more efficient forum to resolve this dispute.

9  This court is in a better position than a Spanish court to apply

10 California law.

11      Plaintiff's interest in convenient and effective relief

12 favors this forum.  A California court certainly provides Ekland

13 with the most convenient forum for seeking relief.  Defendants

14 argue that effective relief is difficult because defendants have

15 no assets in California and this court cannot impact orders

16 issued in a Spanish court.  However, effective relief is

17 available to plaintiff in the form of hindering defendants'

18 ability to transact business in California.  As such, the

19 existence of defendants' business activities in California is

20 motivation for defendants to abide by a judgment issued by this

21 court.  Therefore, this factor weighs in favor of plaintiff.

22

23      [4]   Plaintiff alleges that the present dispute arises under
   both the Propagation Agreements and the Advanced Selection
24 Contracts.  The first Propagation Agreement included a forum
   selection clause under which defendants expressly consented to
25 the jurisdiction of the courts of California.  The second
   Propagation Agreement and the Advanced Selection Contracts did
26 not contain a choice of forum provision.  Defendants admit that
   the first Propagation Agreement contained a choice of forum
27 clause, but asserts that the present dispute arose from the
   Advanced Selection Contracts.  The court does not reach the
28 merits of this issue.  However, the court accepts the plaintiff's
   allegations as true for purposes of this motion.

11

1    Finally, defendants assert that a Spanish court would be an

2    alternate forum to litigate this case.  A Spanish court has ruled

3    that it can assert jurisdiction over plaintiff.  Plaintiff is

4    silent on this issue and has not carried its "burden of proving

5    the unavailability of an alternative forum."  <u>Core-Vent</u>, 11 F.3d

6    at 1490 (citation omitted).  In light of the other factors,

7    however, this factor is not dispositive.

8    Considering all the relevant factors, the court finds that

9    exercise of personal jurisdiction over defendants is reasonable.

10   Defendants' purposeful interjection into the forum is

11   significant, and thus, weighs strongly in favor of finding

12   jurisdiction.  Further, California has an interest in the

13   litigation and is the most efficient forum.  In weighing these

14   factors, the court is not convinced that adjudication of this

15   dispute in California will affront the sovereignty of the Spain.

16   Although the availability of an alternative forum supports

17   defendants' position, the other factors weigh more strongly in

18   plaintiff's favor.  Defendants assert that litigating the case in

19   California would be an undue hardship.  To violate due process,

20   however, defendants "must show that jurisdiction in California

21   would make the litigation 'so gravely difficult and inconvenient

22   that a party unfairly is at a severe disadvantage compared to

23   [its] opponent.'"  <u>Sher</u>, 911 F.2d at 1365 (quoting <u>Burger King</u>,

24   471 U.S. at 478.)  Defendants have not made such a showing.

25   Therefore, the court finds that it has specific jurisdiction over

26   defendants.

27   /////

28   /////

12

**B.   Forum Non Conveniens**

A court has "the discretion to decline jurisdiction in a case where litigation in foreign forum would be more convenient for the parties." <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 504 (1947).  A party moving for dismissal on <u>forum non conveniens</u> grounds has the burden of showing: (1) whether an adequate alternative forum exists; and (2) whether the balance of private and public interest factors favors dismissal.  <u>Ceramic Corp. of America v. Inka Maritime Corp.</u>, 1 F.3d 947, 949 (9th Cir. 1993).

There is a strong presumption to honor a plaintiff's choice of forum, but a court may balance that presumption against the "private interests" and "public interests" of litigating in a foreign country.  <u>Lueck v. Sundstrand Corp.</u>, 236 F.3d 1137, 1145 (9th Cir. 2001).  The Ninth Circuit considers the following "private interests" in its analysis:

> (1)   the residence of the parties and the witnesses;
> (2)   the forum's convenience to the litigants;
> (3)   access to physical evidence and other sources of proof;
> (4)   whether unwilling witnesses can be compelled to testify;
> (5)   the cost of bringing witnesses to trial;
> (6)   the enforceability of the judgment; and
> (7)   all other practical problems that make trial of a case easy, expeditious, and inexpensive.

<u>Id.</u> (citing <u>Gulf Oil</u>, 330 U.S. at 508).  In addition, the Ninth Circuit considers the following "public interests":

> (1)   local interest of lawsuit;
> (2)   the court's familiarity with governing law;
> (3)   burden on local courts and juries;
> (4)   congestion in the court; and
> (5)   the costs of resolving a dispute unrelated to this forum.

<u>Id.</u> at 1147 (citing <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 259-61 (1981)).  A court should consider the "private interest"

13

and "public interest" factors applicable to a case before it and give appropriate weight to each factor. Id. at 1145 (citing Gulf Oil, 330 U.S. at 508 (citations omitted)). A court "should consider [these factors] together in arriving at a balanced conclusion." Id.

Defendants admit that some of the private interest factors are neutral, such as the residences of the parties and the forum's convenience to the litigants. Defendants assert that nearly all of the evidence is in Spain because all of the activity took place there. However, the court's analysis of this factor does not rest on the number of witnesses or quantity of evidence in Spain; rather, the court must look at "the materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine[s] their accessibility and convenience to the forum." Gates Learjet, 743 F.2d at 1335-36. Defendants identify a number of witnesses--business leaders, managers of nurseries, and buying agents--that will have to travel to California. (Lopez Decl. at 6:1-6.) Defendants assert that the case will require expert witness evaluation and testimony, "experts that logically will be found in Europe, not in the United States." (Mot'n at 9:13-15.)

However, plaintiff has also identified witnesses--employees, representatives from California nurseries, and representatives from entities holding rights to various strawberry varieties-- that will be summoned for trial but cannot be compelled to travel to Spain. Plaintiff asserts that significant evidence necessary to the resolution of this dispute is in California, including documents relating to exclusive distribution rights plaintiff has

over certain protected strawberry plants in question.  Based upon
the submissions of the parties, crucial documents and witnesses
exist in both fora.  Thus, this private interest factor, at best,
is neutral since both defendants and plaintiff have identified
witnesses that would have to travel abroad for this action or for
the pending action in Spain.

     Similar to the private interest factors, the court considers
any or all of the public interest factors that are relevant to
the dispute and gives appropriate weight to each when arriving at
a balanced conclusion.  Id. at 1145-46 (citing Piper Aircraft,
454 U.S. at 255).  Of the public interest factors listed above,
defendants emphasize that Spain has a much higher interest in
this dispute than California.  Defendants contend that
California's interests in this dispute are solely monetary in
nature.  They argue that Spain has a greater interest in this
dispute because the present dispute not only affects the
defendants, but the preliminary injunction issued by the Spanish
court also impacts the entire Spanish strawberry market, as no
one can do business relating to the strawberry varieties covered
by the Advanced Selection Agreements.

     However, California has a significant interest in resolving
this controversy in a local forum.  Defendants knowingly and
explicitly subjected themselves to the application of California
law under the Propagation Agreement.  Defendants purposefully
interjected themselved into this forum when they purchased
millions of strawberry plants from California nurseries to be
distributed in Spain.  California's interest in this litigation
concerns the protection of its strawberry industry.  Moreover, if

15

1  the court finds that California law is applicable to this

2  controversy, then California has a significant interest in

3  interpreting its own law.  See Gates Learjet, 743 F.2d at 1336-

4  37.  This public interest factor therefore cuts in favor of

5  plaintiff.

6      On balance, the relevant private and public interest factors

7  support the court's dismissal of defendants' motion to dismiss

8  based on forum non conveniens grounds.  The relevant private

9  interest factor of access to physical evidence and other sources

10 of proof is, at best, neutral.  Defendants and plaintiff both

11 have witnesses that would have to travel abroad for this action

12 or for the pending action in Spain.  The relevant public interest

13 factor of local interest in this dispute weighs in favor of

14 plaintiff due to its impact on California's strawberry industry.

15 Therefore, the court finds that this court is a proper forum for

16 the dispute.

17                          **CONCLUSION**

18     For the foregoing reasons, defendants' motion to dismiss for

19 lack of personal jurisdiction and on forum non conveniens grounds

20 is DENIED.

21     IT IS SO ORDERED.

22 DATED: September 29, 2006.

23

24                         /s/ Frank C. Damrell Jr.
                           FRANK C. DAMRELL, Jr.
25                         UNITED STATES DISTRICT JUDGE

26

27

28

                              16