1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EKLAND MARKETING COMPANY,
     OF CALIFORNIA, INC.,

11
                Plaintiff,                      CIV. NO. S-05-0761 FCD GGH
12
          vs.
13
     JAVIER ESTEBAN LOPEZ, et al.,
14
                Defendants.                     ORDER
15   _____/

16          Previously pending on this court's law and motion calendar for June 21, 2007,

17   was plaintiff's motion to compel discovery.  Scott Cameron appeared for plaintiff.  Francis

18   Goldsberry represented defendants.  Having reviewed the joint statement and heard oral

19   argument, the court now issues the following order.

20          This action, filed on April 19, 2005, concerns plaintiff's claim of breach of

21   contract and related claims in regard to defendants' agreement to propagate, distribute and sell

22   certain varieties of strawberries overseas, which plaintiff was marketing for growers in the

23   United States.  There is a concurrent action in Spain wherein defendants are suing Ekland on the

24   same subject matter, and which the parties have been told may resolve this fall.  Although the

25   district court has declined to schedule this action based on the Spanish case, and has ordered that

26   the parties either stipulate to a stay of this action or defendants file a motion to stay, this court

1

1  finds, based on representations made at hearing, that the potential for this action to be stayed is

2  not overwhelming.  Therefore, the merits of plaintiff's motion shall be addressed.

3         Plaintiff moves to compel further responses to the first set of interrogatories, and

4  various sets of requests for production of documents.  Some incomplete responses were served to

5  sets one and two of the document requests, but either contained objections which plaintiff

6  contends are waived, or attempted to narrow the requests without justification, according to

7  plaintiff.  Also, plaintiff claims that defendants still have not provided responses to the third set

8  of document requests, and have not responded to the interrogatories.  At hearing, defendants

9  represented that they will be responding to the third set of document requests and the

10  interrogatories within the next couple of weeks.

11         The main substantive dispute remaining concerns requests for documents

12  concerning Plant Sciences, a company that has rights to various varieties of strawberry plants,

13  and who is a competitor to plaintiff.  Defendants have contracted with Plant Sciences to grow

14  strawberry plants.  Defendants object to producing documents relating to Plant Sciences as

15  confidential and protected as trade secrets.  Defendants argue that the contract between them and

16  plaintiffs did not require exclusivity or best efforts, and that they were permitted to have

17  contracts with other entities.  Therefore, any business they had with Plant Sciences is not

18  relevant.  Plaintiff, on the other hand, contends that its contract with defendants requires

19  development of new varieties which do not yet have protection over them, and both parties

20  agreed to develop them together.  As a result, plaintiff asserts that defendants have the exclusive

21  right, and obligation to use best efforts, to determine whether these new varieties can be

22  commercially viable.  Plaintiff agrees that the contract does not require exclusivity vis-a-vis

23  selling competitor products to promote and market, but impliedly binds defendants to use best

24  efforts.  As a result, if defendants turn to a competitor's varieties and favor those varieties

25  instead, they are violating the contract by not promoting plaintiff's varieties.  Therefore, plaintiff

26  argues these documents concerning Plant Sciences are relevant.

2

1        The parties argue, but do not supply legal authority for their positions.  Assuming

2  California law applies, the outcome is far from clear, but it would appear that defendants were

3  not free to ignore promoting/selling plaintiff's products, and were not free to unduly favor a

4  competitor.

5            In the same vein, covenants to use "good faith" or "best efforts" to
            generate profits for the licensor are routinely implied where the

6            licensor grants exclusive promotional or licensing rights in
            exchange for a percentage of profits or royalties, but the licensee

7            does not expressly promise to do anything.

8  Third Story Music, Inc. v. Watts, 41 Cal. App. 4th 798, 805, 48 Cal. Rptr. 2d 747, 751 (1995).

9  The present matter is further complicated where it is not envisioned that the defendant (receiver

10  of the license) is precluded from working with competitors to plaintiff.

11        In sum, in the absence of a clear legal outcome, the undersigned, as discovery

12  judge, will not presume to rule on the substantive issues sub rosa by denying discovery.  At

13  present, a valid complaint exists, and the discovery appears relevant to plaintiff's still extant

14  contentions.  Discovery on those contentions is appropriate.

15        Therefore, the Plant Science documents shall be produced subject to a protective

16  order crafted by the parties.[1]

17        Accordingly, for the reasons explained at hearing, and for those set forth herein,

18  IT IS ORDERED that:

19        1.  Plaintiff's motion to compel responses to interrogatories and document

20  requests, filed May 31, 2007, is granted.

21        2.  Defendants shall respond to and produce all outstanding discovery within

22  fifteen days of this order.  All objections, other than objections based on privilege, are waived.[2]

23  Defendants shall issue a response, under penalty of perjury,  for all discovery propounded thus

24

---

25    [1] As discussed at hearing, an "attorneys eyes" only protective order appears unnecessary.

26    [2] Any claimed privileges must be supported by a privilege log.

1   far, indicating that all available discovery has been, or will be, answered/produced for specific

2   interrogatories/requests for production, and that further requested information does not exist.

3   Production of documents concerning Plant Sciences shall be produced pursuant to a stipulated

4   protective order.  If the parties are unable to agree on the terms of the protective order, they shall

5   notify the court before production is required.

6   DATED: 6/25/07

7                                                          /s/ Gregory G. Hollows

8                                                          GREGORY G. HOLLOWS
                                                           U. S. MAGISTRATE JUDGE

9   GGH:076
    Ekland0761.dsy.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26