UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EKLAND MARKETING COMPANY OF CALIFORNIA, INC., | |
| Plaintiff, | NO. CIV. S-05-0761 FCD/GGH |
| v. | MEMORANDUM AND ORDER |
| JAVIER ESTEBAN LOPEZ; VIVEROS EL PINAR, S. COOP, a cooperative organized under the laws of Spain; and DOES 1-100, | |
| Defendants. | |

----oo0oo----

This matter is before the court on defendants' Javier Esteban Lopez ("Lopez") and Viveros El Pinar's ("VEP") motion to stay the proceedings based upon the application of the international abstention doctrine and the existence of a related proceeding concurrently being litigated by the parties in Spain (the "Spanish Action"). Plaintiff Ekland Marketing Company of California, Inc. ("Ekland") opposes the motion, asserting that

1

international abstention doctrine does not provide for a stay of this action. For the reasons set forth below,[1] defendant's motion to stay is DENIED.

## BACKGROUND

This case arises out of the alleged breach of contracts relating to the production of strawberry plants.[2] On or about February 1, 2001, in Butte County, California, plaintiff and defendant VEP entered into two Propagation Agreements. (Pl.'s First Am. Compl. (Docket # 11), filed Dec. 29, 2005 ("FAC"), ¶ 16). Plaintiff licensed the right to propagate, distribute, and sell certain proprietary strawberry varieties derived from plant breeding programs to defendants. (Id.) In addition, defendant VEP agreed to follow certain agricultural practices of the international strawberry industry. (Id. ¶ 17). In December 2002, Ekland and defendant Lopez met in San Francisco, California to negotiate the expansion of their business dealings. (Pl.'s Opp'n to Defs.' Mot. to Stay ("Opp'n"), filed July 27, 2007, at 2). Ekland asserts that Lopez agreed to extend the Propagation Agreements and also entered into two additional agreements called Advanced Selection Contracts. (Id.) Under the Advanced Selection Contracts, defendants agreed to evaluate advanced selection cultivars of strawberries with the objective of

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The facts of this case, as alleged in the complaint and set forth by plaintiffs in support of their opposition to defendants' motion to dismiss, are more fully set forth in the court's Memorandum and Order, filed September 29, 2006. (Docket # 26).

2

determining the competitive characteristics and commercial viability of these cultivars in Spain. (FAC ¶ 24).

Defendants continued to perform through 2003 under the Propagation Agreements by accounting for and paying royalty fees to plaintiff on strawberry varieties and cultivars produced. (Id. ¶ 29). However, plaintiff contends that at some point in 2004, defendants stopped paying royalties as required by the Propagation Agreements and stopped reporting to Ekland as required under the Advanced Selection Contracts. Plaintiff asserts that based upon defendants failure to comply with the terms of the applicable contracts, it terminated VEP's exclusive rights under the Advanced Selection Contracts and sought out other growers in Spain.

On April 19, 2005, plaintiff filed suit in this court, alleging breach of contract, breach of fiduciary duty, and negligence. (Compl. (Docket # 1), filed Apr. 19, 2005). Plaintiff subsequently amended the complaint in December 2005, alleging breach of the Propagation Agreement, breach of the Advanced Selection Contract, breach of fiduciary duty, negligence, declaratory relief, intentional interference with contract, interference with prospective economic advantage, and seeking preliminary and permanent injunctive relief. (FAC). On May 26, 2005, VEP filed a complaint for damages against Ekland in Spain, alleging that Ekland Marketing breached its contracts with VEP by licensing other nurseries to produce and sell certain types of strawberry plants in contradiction to the exclusive license granted to VEP. (Defs.' Mot. to Stay ("Mot. to Stay"), filed July 13, 2007, at 2).

3

1     Defendants subsequently moved the court to dismiss
2 plaintiffs' action for lack of personal jurisdiction and on <u>forum</u>
3 <u>non conveniens</u> grounds.  As a basis for that motion, defendants
4 argued that a parallel proceeding was being litigated
5 concurrently by the parties in Spain.  The court denied
6 defendants' motion.  (Mem. & Order (Docket # 26), filed Sept. 29,
7 2006).  Defendants now seek to stay the action due to the pending
8 action in Spain.

### ANALYSIS

10     Defendants contend that this motion should be stayed
11 pursuant to the principles of the international abstention
12 doctrine.  "This doctrine allows a court to stay or dismiss an
13 action where parallel proceedings are pending in the court of a
14 foreign nation."  <u>Supermicro Computer, Inc. v. Digitechnic, S.A.</u>,
15 145 F. Supp. 2d 1147, 1149 (N.D. Cal. 2001) (citing Schwarzer et
16 al., Federal Civil Procedure Before Trial, ¶ 2:1326.4 (2000)).
17 This doctrine has been expressly adopted by the Eleventh and
18 Seventh Circuits, but has not been ruled on by the Ninth Circuit.
19 <u>See</u> <u>id.</u>; <u>Turner Entm't Co. v. Degeto Film GmbH</u>, 25 F.3d 1512,
20 1523 (11th Cir. 1994); <u>Finova Capital Corp. v. Ryan Helicopters,</u>
21 <u>U.S.A. Inc.</u>, 180 F.3d 896, 900-01 (7th Cir. 1999).
22     To the extent that the Ninth Circuit would adopt the
23 international abstention doctrine, the parties advance and the
24 court agrees that the analysis should be guided by the principles
25 set forth by the Supreme Court in <u>Colorado River Water</u>
26 <u>Conservation Dist. v. United States</u>, 424 U.S. 800 (1976) (the
27 "<u>Colorado River</u> doctrine").  <u>See</u> <u>Neuchatel Swiss Gen. Ins. Co. v.</u>
28 <u>Lufthansa Airlines</u>, 925 F.2d 1193 (9th Cir. 1991) (vacating the

4

district court's stay of an action in deference to parallel proceedings in Geneva, Switzerland pursuant to the Colorado River doctrine). The Colorado River doctrine provides that abstention from the exercise of jurisdiction is based upon "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817. Such considerations are similar to the concerns of international comity, judicial efficiency, and fairness litigants upon which the international abstention doctrine is rooted. See Supermicro, 145 F. Supp. 2d at 1149; Schwarzer et al., Federal Civil Procedure Before Trial, ¶ 2:1326.4. Moreover, the Ninth Circuit has stated that "the fact that the parallel proceedings are pending in a foreign jurisdiction rather than in a state court is immaterial." Neuchatel, 925 F.2d 1193 ("We reject the notion that a federal court owes greater deference to foreign courts than to our own state courts."). As such, the court analyzes defendants' motion to stay using the analytical framework applied to motions to stay or dismiss pursuant to the Colorado River doctrine. See Finova, 180 F.3d at 898-99 (applying the factors used in a Colorado River abstention analysis in determining whether international abstention was applicable).

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River, 424 U.S. at 813. "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Id. at 817 (quoting McClellan v. Carland,

5

217 U.S. 268, 282 (1910)). Therefore, the application of the Colorado River doctrine can be justified "only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Id. at 813 (internal quotations omitted). As such, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceedings for reasons of wise judicial administration are considerably more limited." Id. at 818. The Supreme Court has stated and the Ninth Circuit has reiterated that absent such "'exceptional circumstances,' federal courts have an obligation to exercise their jurisdiction concurrently with other courts." Neuchatel, 925 F.2d at 1194 (citing Colorado River, 424 U.S. at 818).

Plaintiff argues that international abstention is inappropriate in this case because the claims brought by plaintiffs in the Spain litigation and the federal litigation are not duplicative, and thus, the proceedings in Spain will not resolve this action. The Supreme Court has set forth various factors that the district court may consider when assessing the appropriateness of dismissal in the face of concurrent jurisdiction. These factors include (1) assumption by either court of jurisdiction over the res or property at dispute in the lawsuit; (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which jurisdiction was obtained by the concurrent forums. Id. at 818. In Moses H., the Supreme Court also found relevant to the inquiry (5) whether federal law provides the decision on the merits, and (6) the probable inadequacy of the state-court

6

proceeding to protect the parties' rights. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 23, 26 (1983). However, the Supreme Court has noted that

> [a]n order granting a Colorado River stay . . . "necessarily contemplates that the federal court will have nothing further to do in resolving the case" because a district court may enter such an order only if it has full confidence that the parallel state proceeding will "be an adequate vehicle for the complete and prompt resolution of the issues between the parties."

Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988) (citing Moses H., 460 U.S. at 28). As such, the Ninth Circuit has held that where there is "substantial doubt as to whether the state proceedings will resolve the federal action," the district court is precluded from granting a stay pursuant to the Colorado River doctrine. Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993). This consideration is dispositive. Id. Therefore, a stay order may be entered only where it is clear that "the parallel state proceeding will end the litigation." Id. (citing Gulfstream, 485 U.S. at 277); see also Turner Entm't, 25 F.3d at 1518 n.6 (applying the international abstention doctrine where the central issue was the same in both cases); Finova, 180 F.3d at 898 (applying the international abstention doctrine where the "granting of relief in one forum would dispose of the claims raised in the other").

In this case, the proceedings in Spain will not end litigation of the issues raised in this federal litigation. The complaint filed by VEP in the Spanish Action does not address the Propagation Agreements and seeks only to enforce the Advanced

7

Selection Contracts.  (Ex. A to Decl. of Francis M. Goldsberry III in Supp. of Mot. to Stay ("Goldsberry Decl."), filed July 13, 2007).  Ekland's counterclaim in the Spanish Action seeks only a judicial declaration of termination of the licenses issued to VEP.  (Decl. of Jose Massaguer in Opp'n to Mot. to Stay ("Massaguer Decl."), filed July 27, 2007, ¶ 11).  Ekland does not seek damages for breach of contract in Spain.  (Id.)  Nor does the Spanish Action include Ekland's claims for tortious interference with contracts brought in this litigation.  (Opp'n at 5 n.2).  As such, even if the court stayed the action in order to allow the courts in Spain to resolve at least some of the issues, there is a strong likelihood that this court would subsequently have to resolve other related issues.  If Ekland prevailed in the Spanish Action, plaintiff's tort claims as well as their claims for damages would remain to be adjudicated by this court.  If VEP prevailed in the Spanish Action, plaintiff's tort claims as well as the breach of contract claims relating to the Propagation Agreements would still remain to be adjudicated by this court.

The Ninth Circuit's opinions in Smith v. Central Arizona Water Conservation District, 418 F.3d 1029 (9th Cir. 2005), and Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908 (9th Cir. 1993), are helpful to the court's analysis of the applicability of an abstention doctrine to the facts of this case.  In Smith, the court found that the Colorado River doctrine did not apply because, in the state court action, the plaintiffs sought a determination of their rights under different contracts than those at issue in the federal court action.  418 F.3d at

1033.  As such, in Smith, the analysis of the merits in the federal case would be different than the analysis of the merits in the state case.  In this case, VEP's complaint in the Spanish Action addresses the parties' obligations under the Advanced Selection Contracts, not the Propagation Agreements.  Moreover, plaintiff's complaint in this action not only alleges breach of contract claims, but also tort claims.  Therefore, as in Smith, the merits analysis in each action would differ.  In Intel, the Ninth Circuit held that abstention was not warranted because the case could return to federal court, depending upon resolution of an arbitration issue in state court.  Similarly, in this case, whether the Spanish Action is resolved in favor of VEP or Ekland, issues would remain for this court to adjudicate.

Because there is "substantial doubt as to whether the state proceedings will resolve the federal action," the court is precluded from granting defendants' motion to stay the proceedings pursuant to the international abstention doctrine. See Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993).  Because the Ninth Circuit has found that this factor is dispositive, "it is unnecessary for [the court] to weigh the other factors included in the [] analysis.  See id. at 913 n.7.[3]

/////

---

[3] However, even if the court were to address these factors, the analysis would weigh against granting a stay in this case.  There is no property at issue, the relative convenience of the forums does not necessarily favor litigation in Spain, the court would have to engage in piecemeal litigation because resolution of the Spanish Action is not determinative of the resolution in this action, and this court obtained jurisdiction prior to the Spanish court.

**CONCLUSION**

Applying the principles of the Colorado River doctrine, international abstention is a narrow exception, appropriate only in extraordinary circumstances. See Fireman's Fund, 87 F.3d at 297; O'Neill v. United States, 50 F.3d 677, 688 (9th Cir. 1995). Such extraordinary circumstances are not present in this case. See Neuchatel, 925 F.2d at 1195 ("This case involves ordinary contract and tort issues and is thus unlike Colorado River where important real property issues were at stake and where there was a substantial danger of inconsistent judgments."). As such, the court cannot surrender its "obligation to exercise [its] jurisdiction concurrently with other courts." Id. at 1194. Therefore, defendants' motion to stay the action pending resolution of the Spanish Action is DENIED.[4] The parties are directed to file a revised Joint Status Report within twenty (20) days of the issuance of this order.

IT IS SO ORDERED.

DATED: August 8, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] In their submissions, the parties dispute the proposed timelines relating to both this litigation and the Spanish Action. However, the court does not address this issue herein as it is irrelevant to whether the court should decline to exercise jurisdiction pursuant to the international abstention doctrine.