FRANCIS M. GOLDSBERRY II, SBN: 63737
FRANCIS M. GOLDSBERRY III, SBN: 178739
GOLDSBERRY, FREEMAN & GUZMAN, LLP
777 - 12th Street, Suite 250
Sacramento, California 95814
Telephone:  (916) 448-0448
Facsimile:  (916) 448-8628

DAVID S. ELKINS, SBN: 148077
JOSE LUIS MARTIN, SBN: 203709
SQUIRE, SANDERS & DEMPSEY, LLP
600 Hansen Way
Palo Alto, California 94304-1043
Telephone:  (650) 856-6500
Facsimile:  (650) 843-8777

Attorneys for Defendants
JAVIER ESTEBAN LOPEZ;
VIVEROS EL PINAR; S. COOP

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EKLAND MARKETING COMPANY OF CALIFORNIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JAVIER ESTEBAN LOPEZ; VIVEROS EL PINAR, S. COOP, a cooperative organized under the laws of Spain; and DOES 1 through 100, <br> Defendants. | No.:  2:05-CV-00761-FCD-GGH <br><br> **PROTECTIVE ORDER FOR CONFIDENTIALITY OF PROPRIETARY INFORMATION** |

    1.    The parties to this agreement ("the Parties") possess certain confidential and proprietary information which may be disclosed to other parties or their agents in this action. The Parties intend that such confidential or proprietary information shall not be used for any purpose other than this lawsuit and shall not be made public by the undersigned, or be otherwise

disseminated by the undersigned except as set forth in this Protective Order. The undersigned represent that they have no intention to use such information for any purpose beyond this action.

    2.    For purposes of this Protective Order, "confidential information" means any writing or photographs, as defined by Federal Rule of Evidence 1001, which any Party to this Agreement designates as "confidential."

    3.    Whenever a Party produces confidential information, the Party shall mark or stamp "confidential" on the writing containing the confidential information. Where any writing is marked or designated "confidential" upon its first page, the entire writing shall be deemed marked "confidential." Pursuant to Local Rule 39-141(a), the Party designating a document "confidential" shall, if filing in paper, attach a duplicate of this Protective Order to the envelope containing the sealed documents; or, if filing electronically, append an electronic copy of this Protective Order to the sealed document with the word "sealed" added to the document name.

    4.    A Party desiring that a document be sealed must make a request to seal even if federal law requires or permits the sealing of the document. A Party making such a request to seal must make a particularized showing of good cause, including a showing of specific prejudice, harm or need. Pursuant to Local Rule 39-141(b), the request must set forth the statutory or other authority for sealing, the requested duration, and all other relevant information. Pursuant to Local Rule 39-141(d), a Party shall file a motion electronically to file a document under seal electronically. The requesting Party must also file a proposed order electronically along with the motion, unless the requesting Party believes that both a public and nonpublic order should issue, in which case the Party may file and serve the nonpublic version of the order in paper format. If the requesting Party believes that all or part of a motion to file a document under seal should not be made public in an electronic filing, the requesting Party may file and serve the nonpublic portion of the motion in paper format. The requesting Party shall file and serve a nonpublic version of the proposed order in paper format along with the nonpublic portion of the motion to seal. The Clerk

of the Court will give the nonpublic portion of the motion to the Court for *in camera* consideration of the sealing request.

5. Pursuant to Local Rule 39-141(e), a Party's motion to file a document *ex parte* under seal must be clearly designated *ex parte* and presented to the Clerk of the Court in paper format along with a proposed order. If the motion is granted, the Clerk's Office shall scan the sealed documents but maintain the electronic documents on a part of the server that limits access only to authorized individuals. Unless the Court orders otherwise, the paper documents filed under seal shall be returned to the submitting Party.

6. Whenever a deposition is taken in this litigation involves a disclosure of information a Party has deemed confidential, the Party shall designate the portions of such deposition addressing or relating to such information as confidential. Such a designation shall be made in writing within 25 days of the date the deposition is transcribed. The following provisions shall apply to all such confidential depositions:

(a) The initial session of the deposition and all subsequent sessions thereof shall be considered confidential and shall be taken subject to the provisions of this Order. Such designation shall be made on the record whenever possible, but any Party may designate portions of the transcript of depositions as containing confidential information after transcription by written notice to all other parties to the depositions; and

(b) The originals of the deposition transcripts and all copies thereof shall bear the legend "confidential" and shall be subject to the terms of this Order.

7. All material a Party designates as "confidential" in this action shall be maintained in strict confidence by the Parties or their agents and used solely in preparation or trial of this action:

(a) The Parties shall not disclose or permit to be disclosed material which is designated "confidential" to any persons including consultants, experts, or others retained by the Parties except insofar as counsel may deem it necessary to consult with or use the services of such persons in order to prepare for or try this case, and then only as set forth below.

3

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIALITY
OF PROPRIETARY INFORMATION

      (b)    Specifically, access to material which a Party designates "confidential" shall be restricted to each party's counsel, its respective law firms, its legal and clerical staff, and its consultants or experts retained specifically in connection with this litigation.

      (c)    Each party, by executing this Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

      (d)    If any Party hereto intends to disclose material designated "confidential" to consultants or experts retained by said Party in preparation of this case, such Party shall advise the individual of this Order, require this individual to comply with this Order, and require this individual to acknowledge in writing that he or she is familiar with the provisions of this Order and agrees to abide by them.  Each Party agrees to provide counsel for the opposing party with an executed copy of each such statement to within thirty days of its execution.

      8.    If material designated "confidential" pursuant to this Order is used at trial, or at any other legal proceeding, the party wishing to introduce such material shall notify the party that produced such material sufficiently in advance of its submission to the Court to allow the producing party to file a motion to establish good cause for filing it under seal and obtain a decision on such a motion.  If the material is to be used to oppose a motion for summary judgment or other motion, the party seeking to use the "confidential" material shall give notice to the producing party of intent to use such material as soon as possible.  Any relevant hearing dates and briefing schedules may be continued by the Court for a period of time sufficient to allow for a motion to establish good cause for filing it under seal to be filed and heard.  Each Party agrees not to oppose a Party's request for such a continuation.

      9.    Immediately after entry of final judgment, settlement or dismissal in connection with this action, each party shall return to counsel for the party that produced the documents all writings designated as "confidential" pursuant to this Order.

4

10. Nothing in this Order shall be construed to entitle the Parties to this agreement to obtain any document, thing, or information from any other Party other than through the provisions of the Federal Rules of Civil Procedure.

11. Nothing in this Order shall be deemed to preclude any Party from seeking additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Order with respect to writings designated "confidential" under the terms of this Order.

12. In the event that any person to whom confidential information is disclosed ceases to be engaged by the Party providing it, that person's access to the confidential information shall be terminated, and all such confidential information in the possession of such person shall be returned to and remain in the custody of counsel for the party providing the information, and such person shall be instructed by counsel that such confidential information shall not be disclosed to any person for any reason.

13. The Parties to this agreement may apply to the Court by giving notice for a ruling that a document stamped as "confidential" should for any reason not be accorded such status and protection. The Party designating the confidential information shall be given notice of the application and an opportunity to respond. That designating Party must show by the prevailing legal standard that the document contains a trade secret or other confidential research, development, commercial, or proprietary information, or that there is good cause for the document to be treated as confidential information pursuant to this Order.

14. If another court or an administrative agency subpoenas or orders production of writings designated "confidential" under the terms of this Order, the Party ordered to produce such information shall promptly notify the designating Party of the pendency of the subpoena or order, and provide the designating Party with a copy of the subpoena or order.

15. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of

confidential information. The Parties shall not unnecessarily duplicate any confidential information except working copies and for filing in Court under seal.

16. This Order shall not be deemed to waive any claim of attorney-client privilege, attorney work-product protection, trade secret privilege, or any other objection that might exist with respect to any documents or communications, written or oral, within the possession, custody, control, or knowledge of the Parties.

DATED: January 16, 2008                                WEINTRAUB GENSHLEA CHEDIAK

                                                       By:   /s/ Scott Cameron
                                                             SCOTT CAMERON
                                                       Attorneys for Plaintiff

DATED: January 16, 2008                                SQUIRE, SANDERS & DEMPSEY LLP

                                                       By:   /s/ Jose Luis Martin
                                                             DAVID S. ELKINS
                                                             JOSE LUIS MARTIN
                                                       Attorneys for Defendants
                                                       JAVIER ESTEBAN LOPEZ and
                                                       VIVEROS EL PINAR, S. Coop.

**O R D E R**

IT IS SO ORDERED.

DATED: 01/22/08                                        /s/ Gregory G. Hollows
                                                       U.S. Magistrate Judge

Eckland.po

6

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIALITY
OF PROPRIETARY INFORMATION